UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                 )
RONALD L. BASKETT,               )   No. C06-0131Z-JPD
                                 )
                  Plaintiff,     )
       v.                        )   ORDER
                                 )
KING COUNTY,                     )
                                 )
                  Defendant.     )
_____)

This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a "Motion to Recuse: [GR 8(c).] [GR 9] Prohibition of Bias" (Dkt. # 11) in the above-captioned matter. The Honorable James P. Donohue, United States Magistrate Judge, declined to recuse himself voluntarily. Dkt. # 12. Plaintiff's motion is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of a magistrate judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge

ORDER

shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

The only evidence of bias presented by plaintiff is the fact one of his prior litigations was referred to Judge Donohue and subsequently dismissed. See C05-1565C. Plaintiff does not, however, take issue with the Report and Recommendation prepared by Judge Donohue: rather, he objects to the denial of his motion for appointment of counsel. Even if an adverse decision in prior litigation could be evidence of bias,[1] it was the presiding judge, the Honorable John C. Coughenour, who considered and rejected plaintiff's motion for appointment of counsel. C05-1565C (Dkt. # 15).

---

[1] Judicial decisions made during the course of litigation are rarely an adequate basis for a motion to recuse. The losing party often disagrees with the judge's ruling: objections to such decision are properly raised through an appeal, not a motion to recuse. An adverse decision can give rise to an inference of bias only where the decision was so arbitrary that the motives of the judicial officer could rightly be questioned. Otherwise, litigants upset with an adverse ruling could use the recusal process for improper strategic purposes. See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913).

ORDER                -2-

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Donohue's impartiality cannot reasonably be questioned despite the fact that he was involved in plaintiff's prior litigation. There being no evidence of bias or prejudice, plaintiff's request to remove Judge Donohue from this matter is DENIED.

DATED this 17th day of April, 2006.

*[signature]*

Robert S. Lasnik
Chief Judge, United States District Court

ORDER                                     -3-