01
02
03
04
05
06
07
08
09
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD L BASKETT,<br><br>              Plaintiff,<br><br>    v.<br><br>KING COUNTY JAIL,<br><br>              Defendant. | ) Case No. C06-131-TSZ-JPD<br>)<br>)<br>)<br>) REPORT AND RECOMMENDATION<br>)<br>)<br>)<br>) |

## I.   INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Ronald L. Baskett, a former inmate at King County Jail, is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action.  The present matter comes before the Court on what the Court construes to be cross motions for summary judgment.  Dkt. Nos. 17, 20, 25.  After careful consideration of the motions, supporting materials, governing law and the balance of the record, the Court recommends that summary judgment be GRANTED in favor of the defendant and that plaintiff's complaint be DISMISSED with prejudice.

## II.   FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that he was unlawfully detained without a warrant and denied certain medications, in violation of his Fourth and Eight Amendment rights, respectively.  Dkt. No. 7.

REPORT AND RECOMMENDATION
PAGE - 1

01  Plaintiff has asserted a claim only against King County Jail, which the Court construes as a

02  claim against King County.  Dkt. No. 17; *see also Nolan v. Snohomish County*, 59 Wn.App.

03  876, 883, 802 P.2d 792, 796 (1990).  In response to his complaint, this Court discovered that

04  the first allegation appeared to be the subject matter of a previously dismissed § 1983 lawsuit

05  filed by the plaintiff in Case No. 05-1565-JCC.[1]   The defendant was directed to provide a short

06  and plain statement that indicating how the claim in the pending suit was different from the

07  claim dismissed in Case No. 05-1565-JCC.  As to his allegation that he was denied certain

08  medications, the plaintiff was advised that a municipality could not be found vicariously liable

09  under §1983 for the unconstitutional acts of its employees on a *respondeat superior* theory.

10  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Instead, the plaintiff was

11  advised that he would have to assert and demonstrate that the alleged constitutional

12  depravation was caused by a municipal policy or custom.  *Id.* at 694; *Thompson v. City of Los*

13  *Angeles*, 885 F.2d 1439, 1433 (9th Cir. 1989).  Because the complaint failed to describe how

14  any individual defendant personally participated in any violation of plaintiff's civil rights, and

15  did not articulate how any King County policy or custom violated any of plaintiff's civil rights,

16  the Court declined to serve the complaint, but granted plaintiff leave to amend his complaint to

17  correct the deficiencies.  The plaintiff was directed to do so by filing a new complaint not later

18  than April 7, 2006.  Dkt. No. 9.

19      Plaintiff did not file an amended complaint, but instead filed a motion to recuse the

20  undersigned Magistrate Judge.  Dkt. No. 11.  The motion for recusal was referred to the

21  Honorable Robert S. Lasnik, Chief Judge.  Dkt. No. 12.  The motion was denied.  Dkt. No. 14.

22      On September 21, 2006, rather than filing an amended complaint as directed, the

23  plaintiff filed a motion for summary judgment.  Dkt. No. 17.  Defendant King County entered

24  _____

25      [1]   In addition to the present suit and Case No. 05-1565-JCC, plaintiff has filed at least
26  ten other § 1983 lawsuits in the past two years, including Case Nos. 05-1166-JLR, 05-1777-
    MJP, 05-5543-FDB, 05-5743-FDB, 06-266-RSL, 06-338-RSM, 06-576-RSL, 06-5130-FDB,
    06-5150-RJB, and 06-5200-RJB.

REPORT AND RECOMMENDATION
PAGE - 2

01 │ an appearance, Dkt. No. 19, and filed a response to the plaintiff's motion for summary

02 │ judgment, asserting, in effect, that *it* was entitled to summary judgment.  Dkt. Nos. 21, 22.[2]

03 │ <center>III.   SUMMARY JUDGMENT STANDARD</center>

04 │   "Claims lacking merit may be dealt with through summary judgment" under Rule 56 of

05 │ the Federal Rules of Civil Procedure.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

06 │ Summary judgment "shall be entered forthwith if the pleadings, depositions, answers to

07 │ interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

08 │ genuine issue as to any material fact and that the moving party is entitled to a judgment as a

09 │ matter of law."  Fed. R. Civ. P. 56(c).  An issue of fact is "genuine" if it constitutes evidence

10 │ with which "a reasonable jury could return a verdict for the nonmoving party."  *Anderson v.*

11 │ *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  That genuine issue of fact is "material" if it

12 │ "might effect the outcome of the suit under the governing law."  *Id.*

13 │   To avoid summary judgment being entered against him, plaintiff must, in the words of

14 │ the Rule, "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P.

15 │ 56(e).  A failure of proof "renders all other facts immaterial," creating no genuine issue of fact

16 │ and thereby entitling defendant to summary adjudication.  *Celotex Corp. v. Catrett*, 477 U.S.

17 │ 317, 327 (1986).

18 │ <center>IV.   DISCUSSION</center>

19 │   In his motion for summary judgment, plaintiff failed to correct the deficiencies noted in

20 │ the Order Declining Service.  As pointed out in that Order and in defendant's response to the

21 │ plaintiff's motion for summary judgment, King County cannot be liable in a § 1983 action on a

22 │ theory of *respondeat superior.  Monell*, 436 U.S. at 691.  Plaintiff's argument that this

23 │

24 │

25 │    [2]  Defendant alternatively argued that pursuant to Fed. R. Civ. P. 56(f), it should be allowed more time to conduct discovery and file appropriate declarations because it learned of

26 │ the complaint only by virtue of the plaintiff's mailing of his motion for summary judgment. Dkt. No. 21.  The alternative relief sought by defendant is well-founded but, in light of the Court's ruling, moot.

REPORT AND RECOMMENDATION
PAGE - 3

01  principle does not apply to mentally ill or disabled persons is without merit.  Furthermore, the

02  case he cites for this incorrect proposition—*United States v. Georgia*, 546 U.S. 151 (2006)—is

03  inapplicable here.  That case addressed Eleventh Amendment abrogation of Title II of the

04  Americans with Disabilities Act of 1990, not the "policy or custom" theory of § 1983 municipal

05  liability which finds roots in *Monell*, 436 U.S. at 691.

06         In sum, to state a claim for relief against King County under 42 U.S.C. § 1983, the

07  plaintiff is obliged to demonstrate the existence of a policy or custom causing the injury

08  complained of.  *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*,

09  507 U.S. 163, 166 (1993).  He has failed to do so.

10  ## V.   CONCLUSION

11         Because the plaintiff has failed to carry his burden of establishing a genuine issue of

12  material fact regarding a policy, custom or practice of King County that caused the alleged

13  injury complained of, summary judgment should be GRANTED in favor of the defendant and

14  plaintiff's complaint should be DISMISSED with prejudice.  Furthermore, this dismissal should

15  count as a "strike" pursuant to 28 U.S.C. § 1915(g).[3]   A proposed order accompanies this

16  Report and Recommendation.

17         DATED this 2nd day of February, 2007.

18  *James P. Donohue*

19  _____
    JAMES P. DONOHUE
    United States Magistrate Judge

20

21

22

23  _____

24     [3]  Such a conclusion would, by the Court's review of plaintiff's previous *in forma*

25  *pauperis* cases, increase plaintiff's § 1915 strike count to at least *six*.  *See* 05-5743-FDB (Dkt. No. 13); 06-266-RSL (Dkt. No. 12); 06-338-RSM (Dkt. No. 10); 06-5150-RJB (Dkt. No. 16);

26  06-5200-RJB (Dkt. No. 11).  Accordingly, the Court finds no reason why plaintiff should not be barred from proceeding *in forma pauperis* in any civil action or appeal absent a finding that he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

REPORT AND RECOMMENDATION
PAGE - 4